[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13823
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00218-ODE-AJB-1

UNITED STATES OF AMERICA,

                                                   Plaintiff-Appellee,

versus

RICKY NUCKLES,

                                                   Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 11, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ricky Nuckles appeals his convictions for possessing at least five kilograms of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(11); 18 U.S.C. § 2, and possessing a firearm in furtherance of that drug offense, *id.* § 924(c)(1)(A)(i), and his sentence of 211 months of imprisonment. Nuckles challenges the sufficiency of the evidence, the denial of his motion for a mistrial and to strike a surveillance video recording from evidence, and the enhancement of his sentence for obstruction of justice. We affirm.

Nuckles requests *de novo* review of his convictions, but because he "present[ed] his case after denial of a motion for judgment of acquittal and then fail[ed] to renew his motion . . . at the end of all the evidence," we review his "challenge to the sufficiency of the evidence for a manifest miscarriage of justice," *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012). Under this standard, we will not disturb a "conviction unless the evidence on a key element of the offense is so tenuous that [the] conviction [is] shocking." *Id.* (quoting *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006)). Direct and circumstantial evidence are given equal weight, but "[w]here the government relies on circumstantial evidence, reasonable inferences . . . must support the jury's verdict." *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011) (quoting *United States v. Klopf*, 423 F.3d 1228, 1236 (11th Cir. 2005)).

Sufficient evidence supports Nuckles's conviction for possessing cocaine with the intent to distribute. *See* 21 U.S.C. § 841(a)(1). While Michael Connolly, an agent of the Drug Enforcement Agency, was at a Valero gas station, he saw a man transfer a bulky suitcase from his sedan to the back seat of Nuckles's Ford Taurus. Connolly suspected that the transaction involved drugs because the Taurus was parked oddly with its gas lid facing away from the fuel pump; the man parked the sedan on the opposite side of the fuel pump and moved the suitcase swiftly; the man found the trunk locked, but glanced toward the convenience store and the tail lights of the Taurus then "flashed" consistent with the trunk being unlocked remotely; and after the man drove away, the tail lights of the Taurus illuminated a second time. Connolly met Nuckles at his car and asked him about the suitcase. Nuckles acted "visibly nervous" and evasive, refused to look inside his car, denied ownership of the suitcase, asserted that he had been "inside the gas station," and returned to the convenience store. Nuckles's response to Connolly "evidenc[ed] a consciousness of guilt." *See United States v. Stanley*, 24 F.3d 1314, 1321 (11th Cir. 1994). Nuckles returned approximately one minute later and consented for Connolly to search the Taurus, and Connolly opened the suitcase to discover $750,000 of cocaine that had been packaged to distribute in kilogram and half-kilogram quantities. *See United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989). And a reasonable jury could have found that Nuckles exercised dominion

3

over the drugs that were placed in his car. *See United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). Still photographs corroborated Connolly's testimony that the car was unlocked and relocked remotely to facilitate the delivery.

Sufficient evidence also proves that Nuckles possessed a firearm in furtherance of his drug offense. *See* 18 U.S.C. § 924(c)(1)(A)(i). Nuckles admitted that he had a gun in his car. And a detective who assisted Connolly found a loaded firearm and a magazine full of ammunition in the pocket of the driver's side door. Based on Nuckles's ready accessibility to the firearm, a jury reasonably could have inferred that Nuckles possessed the firearm to safeguard the cocaine. *See United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008).

The district court did not abuse its discretion when it denied Nuckles's motion for a mistrial and to strike the surveillance video recording. Nuckles argues that the government committed a "discovery violation" and that he was prejudiced by the admission of the videotape because it did not depict that the Taurus's tail lights illuminated as the courier walked from its trunk to the rear door, but Nuckles falls short of establishing that the admission of the videotape violated his substantial rights. *See United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996). Nuckles fails to identify which discovery requirement the government violated. And Nuckles cannot prove that his ability to mount a defense was compromised by admission of the videotape, which he used to impeach Connolly

and reveal that he had failed to mention the illumination of the tail lights in his written report of the incident, in a summary that he prepared of the surveillance video recording, or during a pre-trial hearing. Moreover, we cannot say that Nuckles was prejudiced by the omission in the videotape when he allowed the government, without objection, to introduce still photographs bearing date and time stamps that showed Nuckles's tail lights illuminate before and after the courier transferred the suitcase to Nuckles's car.

The district court did not abuse its discretion when it enhanced Nuckles's sentence for obstruction of justice. A district court may increase a defendant's offense level by two levels if he impeded the investigation or concealed evidence relevant to his offense of conviction. United States Sentencing Guidelines Manual § 3C1.1 & cmt. n.4(D) (Nov. 2014). Nuckles's presentence investigation report stated that, when he returned to the convenience store after speaking with Connolly, he discarded a cellular telephone. Nuckles did not challenge this portion of the presentence report or deny discarding a cellular telephone. Nuckles objected to the enhancement on the ground that "no evidence presented at trial" showed that he "tossed a cell phone," but surveillance video recordings corroborate the facts in the presentence report. The recordings show that Nuckles used a cellular telephone after he arrived at the gas station, while he waited inside the convenience store for the suitcase, and when he exited the convenience store; that after Connolly

5

confronted him, Nuckles returned to the convenience store and tossed an object under a countertop; and that neither Connolly nor a second officer who patted Nuckles down discovered a cellular telephone in Nuckles's belongings. The district court was entitled to conclude that Nuckles willfully disposed of his cellular telephone to frustrate an imminent investigation and that he obstructed the investigation by destroying evidence connected to the cocaine and its distribution. *See United States v. Revel*, 971 F.2d 656, 661 (11th Cir. 1992).

    We **AFFIRM** Nuckles's convictions and sentence.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 11, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-13823-BB
Case Style: USA v. Ricky Nuckles
District Court Docket No: 1:14-cr-00218-ODE-AJB-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion